**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:26-CR-00039-SDJ-BD |
| | § | |
| MICHAEL RAY HAYSLIP | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Michael Ray Hayslip's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on June 29, 2026, to determine whether Defendant violated his supervised release. Defendant was represented by Sarah Jacobs. The Government was represented by David Rehfuss.

Defendant was sentenced on April 22, 2016, before The Honorable Terry R. Means of the Northern District of Texas after pleading guilty to the offense of 18 U.S.C. §§ 922(g)(1) & 924(e), Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of not more than 10 years imprisonment. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of VI, was 77 to 96 months. Defendant was subsequently sentenced to 96 months imprisonment followed by a three-year term of supervised release. He was sentenced to the standard terms of release along with special conditions to include substance abuse treatment, mental health treatment, and a $100 special assessment. On September 16, 2022, Defendant completed his period of imprisonment and began service of the supervision term in the Northern District of Texas. On February 13, 2024, Defendant's term of supervised release was revoked after he committed the offenses of Criminal Threat and Domestic Battery. He was sentenced to 6 months imprisonment followed by a two-year

term of supervised release. He was sentenced to the standard terms of release along with special conditions to include substance abuse treatment, mental health treatment, and a domestic violence treatment program. On June 10, 2024, Defendant completed his period of imprisonment and began service of his supervised release. On February 17, 2026, a transfer of jurisdiction from the Northern District of Texas to the Eastern District of Texas was completed.

On June 12, 2026, the United States Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision (Dkt. #13, Sealed). The First Amended Petition asserts that Defendant violated one (1) condition of supervision, as follows: (1) (mandatory) Defendant must not commit another federal, state or local crime. (Dkt. #13, at p. 1, Sealed).

The First Amended Petition alleges that Defendant committed the following acts: (1) On January 29, 2026, Defendant committed the offense of Assault Cause Bodily Injury, a Class A Misdemeanor. On February 4, 2026, Cooke County, Texas, issued an arrest warrant for Defendant and he was arrested on February 12, 2026. On May 8, 2026, Defendant plead guilty in the 235th District Court of Cooke County Cause No. CR26-0028, and was sentenced to 2 years probation. On January 29, 2026, Cooke County Sheriff's Deputies were dispatched to a residence to report an assault on an elderly male. Contact was made with the victim who advised that Defendant punched him on the left side of his face, hitting his ear with a closed fist. The victim stated that Defendant and his girlfriend were having a verbal altercation outside the main office, so he stepped in to get Defendant to leave her alone. Defendant stepped forward and hit the victim, knocking him down and causing pain. Officers spoke with Defendant's girlfriend who advised that Defendant was yelling at her. She told him that she was not going to fight and argue with him and went outside to get away from him. Defendant followed her and the victim then stepped between

them to protect her. The girlfriend advised she had a video of the incident. In the video, the officer observed the victim step forward between Defendant and his girlfriend, Defendant swings and hits the victim, knocking him to the ground. Defendant left the property before the officer's arrival. The officer was able to speak to him on the phone at which time he stated he felt threatened by the victim walking towards him and that is why he hit him. (Dkt. #13, at pp. 1-2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegation (1) of the First Amended Petition. Having considered the First Amended Petition and the plea of true to allegation (1), the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of twelve (12) months and one (1) day, with no term of supervised release to follow.

The court also recommends that Defendant be housed in a Bureau of Prisons facility in Sumterville, Florida (BOP Coleman), if appropriate.

**SIGNED this 20th day of July, 2026.**

Aileen Goldman Durrett

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE